110

[647 NYS2d 508]

In the Matter of LARRY A. LUBIN (Admitted as LARRY ABRAM LUBIN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, September 26, 1996

### APPEARANCES OF COUNSEL

*Judith N. Stein* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Larry A. Lubin, was admitted to the practice of law in the State of New York by the First Judicial Department on January 14, 1985, as Larry Abram Lubin. He was also

admitted to practice as an attorney and counselor-at-law in the State of California.

By petition dated June 27, 1996, the Departmental Disciplinary Committee seeks an order, pursuant to 22 NYCRR 603.3, disbarring respondent from the practice of law on the basis that he was similarly disciplined by the Supreme Court of the State of California or, in the alternative, sanctioning respondent as this Court deems appropriate.

By order dated October 4, 1995, the Supreme Court of California disbarred respondent from the practice of law. Respondent's California disbarment was the result of his failure to comply with an earlier order of the same court suspending him.

The suspension order, entered September 28, 1994, which *inter alia*, suspended respondent from practice for four years and stayed execution of the suspension, placing him on probation for four years on the condition that he actually be suspended for two years, was based upon a May 23, 1993 decision of the State Bar Court of California. That court found that in the case of one client, William S. Markley, respondent had deliberately deceived him as to the status of his criminal case and related matters; failed to perform legal services competently; and improperly withdrawn from representing him, and as to a second client, Louise Seebold, that respondent had misrepresented his status as an attorney; engaged in the unauthorized practice of law; deliberately deceived her as to the status of her case; failed to return her files and property promptly upon request; and improperly withdrew from representing her. It was also found that respondent had failed to cooperate with the disciplinary investigation into these matters.

Respondent violated another provision of the suspension order requiring that he comply with rule 955 of the California Rules of Court, which is the equivalent of this Department's Affidavit of Compliance pursuant to 22 NYCRR 603.13 (f). His failure to comply with rule 955 resulted in a proceeding which determined that his noncompliance was willful, and that determination was the basis of his disbarment.

It should be noted that respondent did not appear or participate in any of the California disciplinary proceedings and has not appeared in this proceeding, despite ample notice and opportunity to be heard. It should also be noted that the record shows that none of the defenses enumerated at 22 NYCRR 603.3 (c) are available to respondent in this proceeding.

Respondent was found to have violated California Business and Professions Code § 6106, which provides that the commission of any act involving moral turpitude, dishonesty or corruption, whether the act is committed in the course of his relations as an attorney or otherwise, and whether the act is a felony or misdemeanor or not, constitutes a cause for disbarment or suspension of an attorney. This provision is analogous to Code of Professional Responsibility DR 1-102 (A) (3) (22 NYCRR 1200.3), which provides that a lawyer shall not "[e]ngage in illegal conduct involving moral turpitude", and DR 1-102 (A) (4), which provides that a lawyer shall not "[e]ngage in conduct involving dishonesty, fraud, deceit, or misrepresentation."

Respondent was found to have violated rule 3-110 (A) of the California Rules of Professional Conduct, which provides that a member of the Bar shall not "fail to perform legal services with competence." This provision is analogous to Code of Professional Responsibility DR 6-101 (A) (1) (22 NYCRR 1200.30), which provides that a lawyer shall not handle a legal matter which the lawyer knows or should know that he or she is not competent to handle, without associating with a lawyer who is competent to handle it, and DR 6-101 (A) (3), which provides that a lawyer shall not neglect a legal matter entrusted to the lawyer.

Respondent was found to have violated rule 3-700 (A) (2) of the California Rules of Professional Conduct, which provides that a member shall not withdraw from employment without taking steps to avoid prejudice to the rights of clients. This provision is analogous to Code of Professional Responsibility DR 2-110 (A) (2) (22 NYCRR 1200.15), which provides that a lawyer shall not withdraw from employment until the lawyer has taken steps to the extent reasonably practicable to avoid foreseeable prejudice to the rights of the client.

Respondent was found to have violated California Business and Professions Code § 6068 (a), which requires State Bar members to support the Constitution and laws of the United States and California, and California Business and Professions Code § 6126, which provides that any person advertising or holding himself out as practicing law who is not an active member of the Bar is guilty of a misdemeanor. Respondent was deemed to have admitted these violations as a result of the entry of his default.

There is no exact analogy in the Code of Professional Responsibility to California Business and Professions Code

§ 6068 (a); however, the implication of DR 1-102 (A) (8), which provides that an attorney shall not engage in any other conduct that adversely reflects on his fitness to practice law, is that an attorney should not engage in conduct that is prohibited by law.

California Business and Professions Code § 6126 is comparable to Judiciary Law § 478, which provides that it shall be unlawful for any natural person to practice or appear as an attorney without having first been duly and regularly licensed and admitted to practice law in the courts of record of this State. In addition, Code of Professional Responsibility DR 3-101 (B) (22 NYCRR 1200.16) provides that a lawyer shall not practice law in a jurisdiction where to do so would be in violation of regulations of the profession in that jurisdiction.

In addition, the court found that respondent engaged in the unauthorized practice of law contrary to California Business and Professions Code § 6125 since it was evident from, *inter alia*, respondent's deemed admissions on this charge and his agreement to represent Ms. Seebold, that he engaged in the practice of law before he was admitted to law practice. Like section 6126, section 6125 is comparable to Judiciary Law § 478 and Code of Professional Responsibility DR 3-101 (B).

It was further found that respondent never returned the papers entrusted to him by Ms. Seebold as part of her lawsuit, a violation of rule 3-700 (D) (1), which requires that an attorney return the file and property of a client promptly upon request. This provision is similar to Code of Professional Responsibility DR 2-110 (A) (2), which provides that upon withdrawal from employment a lawyer shall deliver to the client all papers and property to which the client is entitled, and DR 9-102 (C) (4) (22 NYCRR 1200.46), which provides that a lawyer shall promptly pay or deliver to the client as requested by the client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive.

Finally, the court found that respondent willfully violated his duty under California Business and Professions Code § 6068 (i) to cooperate in the State Bar's investigation of the complaints filed by Mr. Markley and Ms. Seebold. California Business and Professions Code § 6068 (i) imposes a duty on attorneys "[t]o cooperate and participate in any disciplinary investigation * * * pending against the attorney." This is analogous to 22 NYCRR 603.4 (e) (1) (i), which authorizes the suspension of an attorney based upon the "attorney's default in responding to the petition or notice, or the attorney's failure

to submit a written answer to pending charges of professional misconduct or to comply with any lawful demand of this court or the Departmental Disciplinary Committee made in connection with any investigation, hearing, or disciplinary proceeding."

Accordingly, in light of the Supreme Court of the State of California's findings and orders, which were uncontroverted by respondent, the fact that the record does not support any possible defense that respondent might assert in this proceeding, the generally accepted principle in reciprocal disciplinary cases that the State where respondent lived and practiced law at the time of the offense has the greatest interest in the issue, and the relevant public policy concerns, it is our determination that the Departmental Disciplinary Committee's petition for reciprocal discipline be granted and respondent be disbarred.

MILONAS, J. P., ELLERIN, RUBIN, NARDELLI and WILLIAMS, JJ., concur.

Petition granted and respondent disbarred from practice as an attorney and counselor-at-law in the State of New York, effective September 26, 1996.